IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **SCOTT JENKINS, individually and on behalf of all others similarly situated,**<br><br>                              **Plaintiff**,<br><br>v.<br><br>**ASSOCIATED WHOLESALE GROCERS, INC.,**<br><br>                              **Defendant**. | Case No. 24-4039-DDC-GEB |

### MEMORANDUM AND ORDER

Plaintiff Scott Jenkins submitted an Unopposed Motion for Extension of Time to File an Appeal or an Amended Complaint (Doc. 24). This Order denies that motion (Doc. 24).

On March 5, 2025, the court issued a Memorandum and Order (Doc. 22), which granted defendant Associated Wholesale Grocers, Inc.'s Motion to Dismiss (Doc. 17). The court's March 5 Order dismissed all plaintiff's claims without prejudice. Doc. 22 at 30. The court thus entered Judgment (Doc. 23) on March 5.

Plaintiff's present motion seeks relief in two forms—extra time to file a notice of appeal and extra time to file an amended complaint. Doc. 24 at 2. The court takes those requests, in turn.

**I.      Notice of Appeal**

Ordinarily, a party must file a notice of appeal "within 30 days after entry of the judgment[.]" Fed. R. App. P. 4(a)(1)(A); *see also Quintana v. City of Muskogee*, No. 23-7082, 2025 WL 66317, at *2 (10th Cir. Jan. 10, 2025) ("A party in a civil case must normally notice

their appeal within thirty days of final judgment[.]" (citation omitted)). The court entered Judgment (Doc. 23) on March 5, 2025. So plaintiff had 30 days—until April 4, 2025—to file a notice of appeal. Plaintiff's request for an extension of time to file that notice has two problems. *First*, it violates our local rules. *Second*, it fails to establish "excusable neglect or good cause[,]" 28 U.S.C. § 2107, which precludes the relief plaintiff seeks.

*First*, plaintiff's request doesn't comply with D. Kan. Rule 6.1(a). That rule says that "[a]ll motions for an extension of time to perform an act required or allowed to be done within a specified time must be filed as soon as practicable and *in no event less than 3 days before the specified time*." D. Kan. Rule 6.1(a) (emphasis added). Plaintiff filed his request for an extension of time on April 4, 2025—the same day when his notice of appeal was due. What's more, the present motion isn't the first time that plaintiff has violated the local rules. Doc. 22 at 4 (noting plaintiff's late-filed Response brief violated D. Kan. Rule 6.1(d)(1)). Plaintiff's repeat disregard for our court's rules furnishes an independent basis for the court to deny his motion. But the court needn't rely on plaintiff's indifference to the local rules alone. That's so because—as the court explains, next—a separate, statutory basis warrants denying his motion.

*Second*, plaintiff's request doesn't establish either excusable neglect or good cause. Recall that a party typically must file a notice of appeal within 30 days of final judgment. *Quintana*, 2025 WL 66317, at *2. But a "district court can extend the time for a party to file a notice of appeal if 'that party shows excusable neglect or good cause.'" *Bruce v. City of Colorado Springs*, No. 22-1413, 2024 WL 1109065, at *1 (10th Cir. Mar. 14, 2024) (quoting Fed. R. App. P. 4(a)(5)(A)(ii)); 28 U.S.C. § 2107(c) ("The district court may, upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal, extend the time for appeal upon a showing of excusable neglect or good cause.").

Plaintiff's motion doesn't make clear whether he intends to assert good cause or excusable neglect.  Whatever his aim, plaintiff's filing satisfies neither standard.  Plaintiff's motion justifies his request for extra time so that he'll have "ample time to continue investigating the fraud on his accounts and whether his information is available for sale on the dark web" and because the parties "are also discussing potential resolution of this matter."  Doc. 24 at 1–2.  These points establish neither excusable neglect nor good cause.

Start with excusable neglect.  The bar for this exception is high.  Our Circuit has instructed that "time for taking an appeal should not be extended in the 'absence of circumstances that are unique and extraordinary.'"  *Bishop v. Corsentino*, 371 F.3d 1203, 1206–07 (10th Cir. 2004) (quoting *Gooch v. Skelly Oil Co.*, 493 F.2d 366, 370 (10th Cir. 1974)).  Relevant factors for determining excusable neglect "include (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith."  *Bruce*, 2024 WL 1109065, at *2.  Some of these factors may favor finding excusable neglect here.  For instance, the court assumes plaintiff acts in good faith.  Plus, a 30-day extension is unlikely to affect these proceedings adversely, and defendant—by not opposing this motion—essentially concedes it won't suffer prejudice.  *See* Doc. 24 at 2 ("Defendant does not oppose this request.").

But counsel's "reason for missing the deadline is 'perhaps the most important single factor . . . in determining whether neglect is excusable."  *Bruce*, 2024 WL 1109065, at *2 (ellipsis in original) (quoting *City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).  Here, the desire to investigate further and try to settle the case aren't the sort of "unique and extraordinary" circumstances that our Circuit demands for excusable neglect.

3

*Bishop*, 371 F.3d at 1207.  In *Bishop*, the Tenth Circuit rejected a position similar to plaintiff's here.  It explained that counsel's

> need to review the record, consult with the client and . . . to obtain an additional legal perspective, are typical prefatory steps common to the appeal process.  These actions, which are within control of counsel, are expected to be completed within the thirty-day period prescribed by Fed. R. App. P. 4(a)(1).

*Id.*  The same reasoning applies here.  While plaintiff's aims—investigating further and attempting to settle the case—are "laudable[,]" they don't establish excusable neglect.  *Id.*  What's more, "nothing prevented counsel from filing a timely notice of appeal and later dismissing the appeal if counsel concluded it should not be pursued."  *Id.*  In short, plaintiff hasn't offered a compelling reason for his delay—at least not one that is extraordinary and unique.  The court thus can't find excusable neglect on this record.  *See Biodiversity Conservation All. v. Bureau of Land Mgmt.*, 438 F. App'x 669, 672–73 (10th Cir. 2011) (reversing district court's finding of excusable neglect even though "three of the four relevant circumstances weigh[ed] in favor of a finding of excusable neglect"); *United States v. Torres*, 372 F.3d 1159, 1162–64 (10th Cir. 2004) (same).

Nor does plaintiff's motion allow the court to find good cause.  "Good cause comes into play in situations in which there is no fault—excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Bishop*, 371 F.3d at 1207 (internal quotation marks and citation omitted).  Plaintiff hasn't identified any circumstances beyond his control that permit the court to find good cause.  *See 358Liberation, LLC v. Country Mut. Ins. Co.*, 772 F. App'x 703, 704 (10th Cir. 2019) (explaining that party couldn't establish good cause where "failure to meet the notice-of-appeal deadline was entirely of its own making").

In sum, on the record presented here, the court finds neither excusable neglect nor good cause to extend plaintiff's notice-of-appeal deadline. The court thus denies plaintiff's request for additional time to file a notice of appeal.

## II.     Amended Complaint

Plaintiff's motion also asks the court to extend his time to file an amended complaint. The court denies this request, too. The court already granted defendant's Motion to Dismiss, Doc. 22, and entered Judgment, Doc. 23. "[T]o amend a pleading after the dismissal of a case, a party must first move to reopen the case under Federal Rule of Civil Procedure 59(e) or 60(b) and then move for leave to amend under Rule 15 in accordance with the Rule 7 standard." *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021) (citation omitted). Without a pending Rule 59(e) or Rule 60(b) motion, the court can't say how it might rule on such a motion. But, the court notes, the 28-day deadline to file a Rule 59(e) motion has expired already. The court thus denies plaintiff's request for additional time to file an amended complaint. To file a new pleading, plaintiff first must move to reopen the case and then move for leave to amend. Because plaintiff hasn't completed either of those steps, the court won't grant plaintiff additional time to file a paper he has no right to file.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Scott Jenkins's Unopposed Motion for Extension of Time to File an Appeal or an Amended Complaint (Doc. 24) is denied.

**IT IS SO ORDERED.**

Dated this 9th day of April 2025, at Kansas City, Kansas.

                                                        s/ Daniel D. Crabtree
                                                        **Daniel D. Crabtree**
                                                        **United States District Judge**